STEVEN H. BERGMAN [13641]
HATTIE E. WERK [17728]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Plaintiffs*
  *PBLX Pure Body Logix Corp. & Lodley Mataele*
111 E. Broadway, Suite 400
Salt Lake City, Utah  84110
steven-bergman@rbmn.com
hattie-werk@rbmn.com
Telephone: (801) 531-2000
Facsimile: (801) 532-5506

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PBLX PURE BODY LOGIX CORP., a California Corporation; and LODLEY MATAELE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FLOYD THOMAS SMITH, an individual; PURE BODY LOGICS, INC., a California corporation; and CENTURY TREE SERVICE, INC., a California Corporation,<br><br>Defendants. | **Motion to Disqualify Mike Vo as Counsel for Defendants; Memorandum of Points and Authorities**<br><br>Civil No. 2:20-cv-00624-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs, PBLX Pure Body Logix Corp. ("PBLX") and Lodley Mataele

("Mataele") (collectively "Plaintiffs"), by and through counsel of record, Steven H.

Bergman and Hattie E. Werk of RICHARDS BRANDT MILLER NELSON, hereby submit this

Motion to Disqualify Mike Vo as Counsel for Defendants pursuant to Rule 1.9 and 1.18

of the Utah Rules of Professional Conduct, Rules 1.9 and 1.18 of the California Rules of Professional Conduct, and L.R. 7-1.

Plaintiffs make this motion on the grounds that Attorney Mike Vo had a prospective or actual attorney-client relationship with Plaintiff PBLX in 2019, and during the course of the prospective or actual attorney-client relationship, Attorney Vo received confidential and privileged information concerning PBLX that is relevant to the present litigation. Accordingly, Attorney Vo has a conflict of interest and should be disqualified from representing Defendants.

Plaintiffs make this Motion to Disqualify based on this Motion and Memorandum of Points and Authorities, the accompanying Declarations of Farren Mataele and Lodley Mataele, the papers and pleadings on file in this action, and such further or other matter as the Court deems proper.

Dated this 29th day of December, 2021.

RICHARDS BRANDT MILLER NELSON

　_/s/ Steven H. Bergman_
Steven H. Bergman
Hattie E. Werk
*Attorneys for Plaintiffs*
*PBLX Pure Body Logix Corp. and*
*Lodley Mataele*

**Memorandum of Points and Authorities**

Plaintiffs PBLX Pure Body Logix Corp. and Lodley Mataele, by and through counsel of record, and pursuant to L.R. 7-1, respectfully submit this Memorandum of Points and Authorities in support of their Motion to Disqualify Mike Vo as Counsel for Defendants.

**I.      Statement of Relevant Facts**

1. In early 2019, on the recommendation of Defendant Floyd Thomas Smith ("Smith"), Farren Mataele, who is Smith's daughter, contacted Attorney Mike Vo to inquire if Attorney Vo could provide counsel about an intellectual property issue PBLX had with one of PBLX's clients, Dick's Sporting Goods. (*See* Farren Mataele Declaration ("Farren Dec.") ¶¶ 6-9 (attached hereto as Ex. 1); Lodley Mataele Declaration ("Lodley Dec.") ¶¶ 6-7 (attached hereto as Ex. 2).)

2. Attorney Vo represented to Farren that he could help PBLX with the intellectual property issue and discussed assisting PBLX in bringing a lawsuit against Dick's Sporting Goods on a contingency basis. (*See* Farren Dec. ¶ 10.)

3. During 2019, Farren had several communications with Attorney Vo, including telephone calls and email exchanges, in which Attorney Vo provided legal advice to PBLX, through Farren, and PBLX, through Farren, provided Attorney Vo with proprietary documents and information. (*See id.* ¶¶ 11-15 & Exs. A through F and H (emails from F. Mataele to M. Vo re potential litigation by PBLX against Dick's).)

4. During several telephone conversations, including one conversation on September 17, 2019, Farren provided Attorney Vo with information about the structure of PBLX, including PBLX's invoicing procedures, vendor agreements, trademarks, patents, and communication with Dick's Sporting Goods. (*See* Farren Dec. ¶ 13 & Exs. A and B (Sep. 17, 2021 Emails re dial in private call with Mike Vo).)

5. On September 17, 2019, Attorney Vo sent Farren a list of questions asking about PBLX's sales to Dick's and evidence relating to trademark infringement. (*See* Farren Dec. ¶ 14 & Ex. C (Sep. 17, 2019 Email re follow up questions).)

6. Farren provided PBLX's answers to Attorney Vo's questions on September 25, 2019. (*See* Farren Dec. ¶ 15 & Ex. C.)

7. At Attorney Vo's request, Farren provided Attorney Vo with PBLX financial records and other documents via Attorney Vo's Dropbox folder. (*See* Farren Dec. ¶ 16 & Exs. D, E, & F (Sep. 17, 2019 Email re Dick's; Aug. 15, 2019 Email re access to Dropbox; Sep. 25, 2019 Email re Proofs of letter sent to Dicks in 2017).)

8. For example, Farren provided Attorney Vo with two files of PBLX invoices, accounting records, emails between Daneen Solomon, then a PBLX employee, and Dick's, emails between Farren and Dick's, vendor contracts, trademarks owned by PBLX, and spreadsheets of payments made and balances still owed by Dick's. (*See* Farren Dec. ¶ 17 & Ex. D.)

9. Attorney Vo sent Farren a memorandum regarding the potential lawsuit in which he listed the information and materials that he received from PBLX along with information and materials needed. (*See* Farren Dec. Ex. G (Memo for Dick's Lawsuit).)

10. On September 30, 2019, Attorney Vo sent an email to Farren which included legal advice about the validity of PBLX's claim against Dick's Sporting Goods and outlining how PBLX should proceed with the case. (*See* Farren Dec. ¶ 19.)

11. In the same email, Attorney Vo recommended that PBLX work with one of his colleagues more well-versed in intellectual property law. (*Id*. at ¶ 20)

12. PBLX ultimately decided not to pursue litigation against Dick's and Farren had no further discussions with Attorney Vo. (*See* Farren Dec. ¶ 21; Lodley Dec. ¶ 8.)

13. On November 22, 2021, William Cumming informed PBLX's counsel via email that Attorney Vo would be replacing William Cumming as counsel for Defendants. (*See* Nov. 22, 2021 Email, attached hereto as Ex. 3.)

14. He filed a Notice of Substitution of Counsel the next day. (*See* Docket.)

15. Plaintiffs have not consented to Attorney Vo representing the Defendants in this action. (*See* Lodley Dec. ¶¶ 9-11 (attached hereto as Ex. 3).)

II. **Argument**

   A. **Law Applicable to a Motion to Disqualify.**

The Utah and California Rules of Professional Conduct regarding attorney conflicts of interest and duties to prospective and/or former clients are nearly identical. In either State, an attorney owes certain duties to a prospective client.

3

| **Utah RPC 1.18** | **California RPC 1.18**[1] |
|---|---|
| (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client. | (b) Even when no lawyer-client relationship ensues, a lawyer who has communicated with a prospective client shall not use or reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 that the lawyer learned as a result of the consultation, except as rule 1.9 would permit with respect to information of a former client. |
| (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d). | (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received from the prospective client information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 that is material to the matter, except as provided in paragraph (d). If a lawyer is prohibited from representation under this paragraph, no lawyer in a firm* with which that lawyer is associated may knowingly* undertake or continue representation in such a matter, except as provided in paragraph (d). |

Similarly, in either State, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related

---

[1] Plaintiffs refer to both state's Rules, as Attorney Vo is licensed in California while PBLX is a California corporation with a principal place of business in Utah. Thus, during 2019 when PBLX was a prospective or actual client of Attorney Vo, PBLX was providing information from the State of Utah to Attorney Vo in the State of California.

4

matter in which that person's interests are materially adverse to the interests of the former client . . . ." Utah R. Prof. Conduct 1.9(a); Cal. R. Prof. Conduct 1.9 (a). "Rule 1.9 was intended to prevent the betrayal of a professional trust arising out of the lawyer-client relationship." *Houghton v. Dep't of Health*, 962 P.2d 58, 61 (Utah 1998) (overruled on other grounds); *see also Neal v. Health Net, Inc.*, 100 Cal.App.4th 831, 840, 123 Cal.Rptr.2d 202 (2002) ("at the core of California's disqualification jurisprudence is a concern for the confidentiality of lawyer-client communications.") As the Utah Supreme Court stated in *Houghton*, the Rules are "intended to prevent the possibility that an attorney might use information given in confidence by a former client in a later action against that client. Allowing later adverse representation when the former client's disclosures might be used against him could inhibit the free exchange of information between attorney and client which our legal system presupposes." *Houghton*, 962 P.2d at 62 (quoting *Margulies v. Upchurch*, 696 P.2d 1195, 1202 (Utah 1985)).

Under Rule 1.9, a party seeking to disqualify opposing counsel based on former (or prospective) representation must establish that: "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994); *see also O'Gara Coach Co., LLC v. Ra*, 30 Cal. App. 5th 1115, 1125, 242

5

Cal. Rptr. 3d 239, 246 (2019), reh'g denied (Jan. 23, 2019), review denied (Mar. 20, 2019). Plaintiffs can establish these factors in this case.[2]

### B. Attorney Vo Should be Disqualified.

Attorney Vo should be disqualified from representing Defendants in this action because he has a conflict of interest in this case, having prospectively or actually represented PBLX in 2019 on matters related to this action, and he now represents parties adverse to PBLX in this action. This is true under the Utah Rules or the California Rules.

#### 1. *Attorney Vo and PBLX had a prospective or actual n attorney-client relationship.*

In California, "[a] person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from the lawyer in the lawyer's professional capacity, is a prospective client." Cal. R. Prof. Cond. 1.18(a). In Utah, "[a] person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client." Utah R. Prof. Cond. 1.18(a). Based on the facts set forth above and in the Farren Declaration, PBLX was, at minimum, a prospective client of Attorney Vo.

While being a prospective client is sufficient to trigger Rule 1.9's duties, the evidence also indicates PBLX was a client of Attorney Vo. Courts impute an attorney-

---

[2] Under the Utah and California Rules, the conflict-of-interest can be waived in writing by the former/prospective client. That is not the case here. PBLX has not consented and does not consent to Attorney Vo representing Defendants in this action. (*See* Lodley Dec. ¶¶ 10-11.)

6

client relationship based on the actions of the parties, regardless of whether the parties execute a formal agreement or pay fees. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994) ("For there to have been an attorney-client relationship, the parties need not have executed a formal contract. Nor is the existence of a relationship dependent upon the payment of fees."); *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1148, 980 P.2d 371, 380 (1999) ("The absence of an agreement with respect to the fee to be charged does not prevent the relationship from arising.") (quotation simplified). Both Utah Federal and California Courts focus on to what extent the attorney acquired confidential information from a party. *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1148, 980 P.2d 371, 380 (1999) ("The primary concern is whether and to what extent the attorney acquired confidential information."); *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994) ("A party must show that (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney.")

At Attorney Vo's request, PBLX provided him with confidential information and documents. (*See* Farren Dec. ¶¶ 16-17.) There were several conference calls between Attorney Vo and PBLX to discuss the potential lawsuit against Dick's Sporting Goods for trademark infringement. (*See id.* ¶¶ 11-15.) In those communications PBLX provided Attorney Vo with information relating to PBLX's invoicing procedures, sales history, cost of goods sold, profit margins, trademarks, patents, vendor agreements, and

communications with Dick's Sporting Goods. (*See id.* ¶¶ 16-17.) And Attorney Vo reviewed and relied upon this confidential (and privileged) information to provide legal advice to PBLX, including preparing a memo on potential litigation against Dick's. (*See id.* ¶¶ 18-20.) Through this exchange of information and advice, the parties created a prospective or actual attorney-client relationship sufficient to satisfy the first prong of the conflict test.

        2. <u>*The current matter is substantially related to Attorney Vo's prior representation of PBLX.*</u>

The next step is to analyze whether there exists a substantial relationship between an attorney's prior representation and the current matter. The analysis focuses on two primary questions: (1) whether the legal issues in the current and former representations are similar or related; and (2) whether the information obtained from the client in the prior litigation will be relevant in the current litigation.

Utah Federal courts find that a substantial relationship exists "if the factual contexts of the two representations are similar or related." *Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir.1985) (quotation omitted). Matters are substantially related "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Utah R. Prof. Conduct 1.9 Editors' Notes.

California's substantial relationship analysis similarly focuses on both the relationship between the legal issues and the information the attorney received from the former client. "The substantial relationship test requires comparison not only of the legal issues involved in successive representations, but also of evidence bearing on the materiality of the information the attorney received during the earlier representation." *Khani v. Ford Motor Co.*, 215 Cal. App. 4th 916, 921, 155 Cal. Rptr. 3d 532, 535 (2013)

Here, the legal issues in both matters are substantially related. The former or prospective representation in 2019 involved intellectual property disputes between PBLX and Dick's Sporting Goods, including trademark infringement. The current case involves trademark issues, and among the alleged infringing activities by these Defendants are allegations regarding Dick's Sporting Goods. (*See* Compl. ¶¶ 15, 49, 86, 98 (DN-2).) In this action, PBLX claims that Defendants contacted PBLX customers, including Dick's Sporting Goods, claiming to be PBLX's representatives when they were not, and PBLX could not fulfill orders to Dick's Sporting Good because of Defendants' actions. (*See id.*) As both matters involved trademark issues involving PBLX and Dick's Sporting Goods, the legal issues in Attorney Vo's former/prospective representation of PBLX and current representation of Defendants are substantially related.

Attorney Vo also received confidential and privileged information from PBLX in 2019 that is relevant to the current litigation. In 2019, Farren provided Attorney Vo with information about the structure of PBLX, PBLX's invoicing procedures, PBLX's vendor

9

agreements, and PBLX's communication with Dick's Sporting Goods. (*See* Farren Dec. ¶ 16 & Ex. D.) PBLX also provided Attorney Vo with financial records and other documents, including PBLX's sales history, cost of goods sold, and profit margins with Dick's Sporting Goods. (*See id.* ¶ 17 & Ex. E.) This information and documentation are relevant to the current trademark infringement case, whether through PBLX's disclosures or Defendants' discovery requests to PBLX. And PBLX will need to refer to its financial documents in order to prove damages in this case.

Therefore, the current and former matters involved related legal issues and involve related information and documents that PBLX previously provided to Attorney Vo. The matters are substantially related under both California and Utah law.

### 3. *Attorney Vo's current representation is adverse to PBLX.*

Attorney Vo now represents Defendants in the current litigation. Defendants are the party directly adverse to PBLX, Attorney Vo's former/prospective client. Through his prior/prospective representation, Attorney Vo gathered sensitive information about PBLX which could be used against it in the current litigation (and was apparently shared with Defendant Smith). And PBLX has not consented, and does not consent, to Attorney Vo representing parties adverse to PBLX in this action. (*See* Lodley Dec. ¶¶ 10-11.) This satisfies the third prong of the disqualification test under Utah or California law.

## Conclusion

For the foregoing reasons, the Court should disqualify Attorney Vo as Counsel for Defendants' counsel due to his conflict of interest pursuant to Rules 1.9 and 1.18 of the Utah and/or California Rules of Professional Conduct.

Dated this 29th day of December, 2021.

RICHARDS BRANDT MILLER NELSON

/s/ Steven H. Bergman
Steven H. Bergman
Hattie E. Werk
*Attorneys for Plaintiffs PBLX Pure Body Logix Corp. and Lodley Mataele*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 29th day of December, 2021, I served the foregoing **Motion to Disqualify Mike Vo as Counsel for Defendants; Memorandum of Points and Authorities** on the persons identified below as indicated:

| | | |
|---|---|---|
| Rick L. Sorensen | ☐ | U.S. Mail – Postage Prepaid |
| SORENSEN LITCHFIELD | | |
| 206 8th Avenue | ☐ | Hand Delivery |
| Salt Lake City, UT 84103 | ☑ | Electronic Filing |
| rick@sorensonlitchfield.com | ☐ | Email |
| *Attorneys for Defendants* | | |
| | | |
| Mike N. Vo | ☐ | U.S. Mail – Postage Prepaid |
| LAW OFFICES OF MIKE N. VO, APLC | | |
| 17910 Sky Park Circle #103 | ☐ | Hand Delivery |
| Irvine, CA 92614 | ☑ | Electronic Filing |
| mvo@mikevolaw.com | ☐ | Email |
| *Attorneys for Defendants* | | |

                                                     */s/ Penny Edwards*

G:\EDSI\DOCS\22232\0003\1CV8465.DOCX